IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| MAMADOU ALIOU BARRY, | : | Case No. 1:26-cv-240 |
| | : | |
| Petitioner, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| KEVIN RAYCRAFT, et al., | : | |
| | : | |
| Respondents. | : | |

## ORDER AND OPINION

This matter is before the Court on Petitioner Mamadou Aliou Barry's Petition for Writ of Habeas Corpus (Doc. 1). Respondents filed a Return of Writ (Doc. 6), to which Petitioner filed a Reply in Support (Doc. 7). This matter is therefore ripe for the Court's review. For the reasons explained below, the Petition (Doc. 1) is **DISMISSED WITHOUT PREJUDICE.**

### FACTS AS ALLEGED

Petitioner Mamadou Aliou Barry is a citizen of Guinea who entered the United States in 2022 without inspection or admission. (Petition, Doc. 1, ¶ 2.) On January 1, 2023, immigration officials took Petitioner into custody but released him on his own recognizance. (*Id.* at ¶ 3; *see also* Order of Release, Doc. 1-2.) During a check-in with Immigration and Customs Enforcement ("ICE") in December 2025, ICE arrested Petitioner and detained him at Butler County Correctional Complex in Hamilton, Ohio. (*Id.* at ¶ 6.) Counsel for Petitioner requested a bond hearing, which the immigration judge

denied on January 28, 2026. (*Id.* at ¶ 9; *see also* Bond Order, Doc. 1-4.) Petitioner reserved the right to appeal the Order. (Bond Order, Doc. 1-4.) Accordingly, Petitioner filed a Motion to Reconsider Bond on February 27, 2026, which the immigration judge denied on March 4, 2026. (Petition, Doc. 1, ¶¶ 16-17; *see also* Order on Motion to Reconsider, Doc. 1-6.) Notably, Petitioner did not reserve the right to appeal that decision. (*See* Order on Motion to Reconsider, Doc. 1-6.)

## PROCEDURAL POSTURE

On March 6, 2026, Petitioner filed a Petition for Writ of Habeas Corpus (Doc. 1) against the following Respondents in their official capacities: Kevin Raycraft, Director of the Detroit Field Office of U.S. Immigration and Customs Enforcement; Kristi Noem, Secretary of the U.S. Department of Homeland Security ("DHS"); and Pamela Bondi, Attorney General of the United States. (Petition, Doc. 1, ¶¶ 12-14.) The Court clarifies that, while Petitioner originally brought claims against Kristi Noem, Markwayne Mullin is now the Secretary of DHS; similarly, while the Petition names Pamela Bondi as a Respondent, Todd Blanche is now acting U.S. Attorney General. *See* Fed. R. Civ. P. 25(d).

Petitioner brings two claims against Respondents: (1) violation the Immigration and Nationality Act ("INA") and (2) violation of his Fifth Amendment right to due process. (Petition, Doc. 1, ¶¶ 36-44.) Specifically, these causes of action allege that Petitioner's detention without a bond hearing violates both the INA and the Fifth Amendment. (*Id.*)

## LAW & ANALYSIS

The Court's analysis begins and ends with the preliminary question of exhaustion. The well-established doctrine of exhaustion of administrative remedies instructs that "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *McKart v. United States*, 395 U.S. 185, 193 (1969) (quotation omitted). As this Court has provided significant analysis on the issue of exhaustion in this very context, *see Bartolon v. Bondi, et al.*, 813 F.3d 811 (S.D. Ohio 2025), it declines to repeat that analysis here. Petitioner had opportunity to appeal the Bond Order, reserved the right to appeal, and subsequently filed a Motion to Reconsider Bond, which the immigration judge denied. (*See* Bond Order, Doc. 1-4; Order on Motion to Reconsider, Doc. 1-6, Return of Writ, Doc. 6, Pg. ID 43.) Notably, though, Petitioner did not reserve the right to appeal that Order on Motion to Reconsider Bond. (*See* Order on Motion to Reconsider, Doc. 1-6.) He has thus failed to exhaust his administrative remedies. Dismissal for such failure to exhaust is appropriate here. *See Bartolon*, 813 F.3d at 827; *Singh v. Raycraft, et al.*, No. 1:26-CV-130, 2026 WL 948367 (S.D. Ohio Apr. 8, 2026); *Sanogoh v. Raycraft, et al.*, No. 1:25-CV-787, 2026 WL 292186 (S.D. Ohio Feb. 4, 2026); *Cortez v. Lynch, et al.*, No. 1:25-CV-822, 2026 WL 82039 (S.D. Ohio Jan. 12, 2026).

## CONCLUSION

For the foregoing reasons, the Court declines to review Petitioner's bond claims due to failure to exhaust. Accordingly, the Court **ORDERS** the following:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**; and

3

4

2) This matter is **TERMINATED** from the Court's docket.

   **IT IS SO ORDERED.**

                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF OHIO

                              By: _____
                              JUDGE MATTHEW W. McFARLAND

4